UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| CANDICE N. DEMPSEY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| CITY OF LAWRENCEBURG, et al., | ) | |
| | ) | |
| Defendants, | ) | Civil Action No. 3: 09-33-DCR |
| | ) | |
| and | ) | |
| | ) | |
| CITY OF LAWRENCEBURG, et al., | ) | |
| | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| RUBY S. FRAZIER, et al., | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Third-Party Defendant. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Intervening Plaintiff, | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| RUBY S. FRAZIER, et al., | ) | |
| | ) | |
| Intervening Defendants. | ) | |

*** *** *** ***

Intervening Plaintiff Owners Insurance Company filed the present Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). [Record No. 65] For the reasons outlined below, the motion will be denied.

## I.      Background

This case arises out of an action filed by Plaintiff Candice Dempsey ("Dempsey") against the City of Lawrenceburg and three members of the Lawrenceburg Police Department (collectively, "the City Defendants"). Dempsey has alleged causes of action for violation of her and her son's civil rights under 42 U.S.C. § 1983. She has also asserted other state law claims. The City Defendants filed a third-party complaint against Ruby S. Frazier as Administratrix of the Estate of Timothy L. Frazier ("Frazier"). The third-party complaint alleges that Frazier intentionally killed Dempsey's son, Cole Frazier and, as a result of that conduct, Frazier is the party primarily responsible for the injuries suffered by the plaintiff. Ruby Frazier, on behalf of the Estate, sought coverage from Owners Insurance Company ("Owners") for defense and indemnity regarding the City Defendants' claims.

Owners intervened in the present action, alleging that Frazier intentionally killed Cole Frazier and that its homeowner's policy — which named Frazier as an insured — excluded any coverage for Frazier's intentional acts and, therefore, the City Defendants' claims. The policy specifically excludes from coverage "bodily injury or property damage reasonably expected or intended by the insured." [Record No. 65, p. 4] The exclusion applies "even if the bodily injury or property damage is of a different kind or degree, or is sustained by a different person or property, than that reasonably expected or intended." [Record No. 65, p. 4] In short, the policy

excludes harm caused by intentional acts of the insured. Owners now seeks judgment on the pleadings on the ground that the subject of the underlying suit is excluded as a matter of law from the scope of the insurance policy.

## II.    Analysis

The Court may properly grant judgment on the pleadings when the moving party "is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006). The Court must take all the "well pleaded material allegations of the pleadings of the opposing party" as true. *Id.* Further, on a motion for judgment on the pleadings, the Court may look only to the pleadings themselves and exhibits incorporated by reference into the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). In other words, the Court is explicitly limited to the facts alleged within the pleadings.

Looking only at the pleadings, whether Cole Frazier was killed by the intentional acts of Timothy Frazier is a disputed issue of fact. Paragraph thirteen of Owners' Third Party Complaint asserts: "[t]hat on or about 05/56/2009, Timothy L. Frazier murdered Cole L. Frazier before committing suicide." [Docket 25, pg. 3–4] Ms. Frazier, the third party defendant, denied that factual allegation in her answer: "Third Party Defendant is without sufficient knowledge or information to either admit or deny the averments contained in paragraph 13 of the Third Party Complaint, and therefore denies same in accordance with FRCP 8(b)(5)." [Docket No. 31, pg. 4] Rule 8(b)(5) makes clear that a response of lacking information or knowledge "has the effect of a denial." Fed. R. Civ. P. 8(b)(5); *see McHenry v. Ford Motor Co.*, 269 F.2d 18, 23 (6th Cir. 1959).

When considering a motion for judgment on the pleadings, the Court must accept as true the factual allegations of the pleadings of the party opposing the motion. *Rowe*, 462 F.3d at 526. Therefore, on the present motion, the Court must operate as if the factual allegations contained in ¶ 13 of Plaintiffs' Third Party Complaint are untrue because they were denied in the opposing party's pleadings. With that in mind, the Court cannot rule as a matter of law that the underlying actions are excluded from the policy coverage. Each case the third party plaintiff cites in support of its motion deals with a motion for summary judgment. However, this being a motion for judgment on the pleadings, the authority cited is unpersuasive. Had Owners submitted a motion for summary judgment or attached information to the present motion which permitted the Court to convert it to a motion for summary judgment, the Court could consider additional facts in its ruling. However, based purely on the pleadings, Owners' motion fails to prove that the acts were intentional and, therefore, excluded from the policy's coverage as a matter of law. Accordingly, it is hereby

**ORDERED** that Intervening Defendant Owners Insurance Company's Motion for Judgment on the Pleadings [Record No. 65] is **DENIED**.

This 14th day of September, 2010.



Signed By:

*Danny C. Reeves*

United States District Judge