UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CANDICE N. DEMPSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | Civil Action No. 3: 09-33-DCR |
| and ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Third-Party Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | |
| ) | |
| Intervening Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is currently pending for consideration of Third-Party Defendant Ruby Frazier's Motion for Partial Summary Judgment. [Record No. 61] For the following reasons, the motion will be granted in part and denied in part.

I. BACKGROUND

This case involves claims filed by Plaintiff Candice Dempsey ("Dempsey") against the City of Lawrenceburg and three of its police officers in their individual and official capacities (collectively, the "City Defendants"). Dempsey alleges that the City Defendants served her with an Emergency Protective Order ("EPO") and wrongfully removed her son, Cole Frazier, from her custody. Cole Frazier was taken from Dempsey's custody and turned over to his father, Timothy Frazier. Dempsey alleges that shortly thereafter Timothy Frazier shot and killed the child and then committed suicide.

Plaintiff's First Amended Complaint [Record No. 47] alleges five causes of action against the City Defendants. The first two causes of action were brought under 42 U.S.C. § 1983. Count I alleges that the police officers' conduct violated § 1983 because it constituted a denial of parental rights and an illegal seizure. Count II alleges that the City of Lawrenceburg violated § 1983 by failing to adequately hire, train, and supervise its police officers regarding the proper methods of serving EPOs. The final three counts allege various state law claims for negligence against the defendants. Count III alleges negligent hiring and supervision against the City of Lawrenceburg for their continued employment of the police officers involved. Count IV alleges negligent training and supervision against the City of Lawrenceburg regarding the service of EPOs. Count V alleges a general claim of negligence against all the City Defendants.

The City Defendants filed a Third-Party Complaint against Ruby Frazier as Administratrix of the Estate of Timothy Frazier. [Record No. 25] The City Defendants' First Amended Complaint [Record No. 56] asserts claims for apportionment and indemnity, alleging that Dempsey's injuries are the direct and proximate result of Frazier's actions and that any alleged wrongful conduct by the City Defendants is secondary to the negligent, intentional, wrongful and/or unlawful conduct of Frazier. The present Motion for Partial Summary Judgment requests summary judgment only on the indemnity claim.

## II. ANALYSIS

### A. The Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A genuine issue of material fact exists if there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In other words, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52.

The moving party initially bears the burden of informing the court of the basis for its motion. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002) (citing *Celotex*, 477 U.S. at 323). The movant does so by bringing forward the relevant portions of the record which

establish the absence of a genuine issue of material fact. *Id.* Once the movant has satisfied its burden, the nonmoving party must go beyond the pleadings and produce specific evidence to demonstrate that there is a genuine issue of material fact. *Id.* The nonmoving party must do more than cast some "metaphysical doubt" on the material facts. *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). It must present significant, probative evidence of a genuine issue in order to defeat the motion for summary judgment. *Id.* In reviewing the motion, the Court must view all facts and inferences in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 586–87.

### B. Section 1983 Claims

The first issue to be addressed is whether the City Defendants may seek indemnity from Frazier for their potential liability on Dempsey's claims brought under 42 U.S.C. § 1983. Frazier argues that there is no right to indemnity for claims brought under § 1983. The Court agrees.

Section 1983 does not explicitly contain a statutory right to contribution or indemnity. 42 U.S.C. § 1983; *see Hart v. City of Williamsburg*, No. 04-321, 2005 WL 1676894 (E.D. Ky. July 16, 2005). Further, this Court has previously held that there is no implied statutory right of indemnity under § 1983. *Hart*, 2005 WL 1676894, at *2–3. Although the Sixth Circuit has not addressed the issue directly, numerous other courts have considered the issue and refused to recognize a right to indemnity under § 1983. *See Allen v. City of Los Angeles*, 92 F.3d 842, 845 n.1 (9th Cir. 1996) ("There is no federal right to indemnification provided in 42 U.S.C. § 1983."), *overruled on other grounds sub nom. Acri v. Varian Assocs., Inc.*, 114 F.3d 999 (9th Cir. 1997); *Mason v. City of New York*, 949 F. Supp. 1068, 1069 (S.D.N.Y. 1996) ("Although

courts have struggled with [the right of contribution under § 1983] and have reached different conclusions, the Court determines that there is no right of contribution under § 1983."); *Koch v. Mira*, 869 F. Supp. 1031, 1040–42 (considering extensively the legislative history of § 1983 and § 1988, and ultimately concluding that "common law or statutory indemnity and contribution principles serve different interests than the constitutional values sought to be vindicated in a § 1983 action"); *Wright v. Reynolds*, 703 F. Supp. 583, 592 (N.D. Tex. 1988).

Additionally, the United States Supreme Court's decision in *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77 (1981), is instructive with respect to this issue. In *Northwest*, the Court held that neither Title VII nor the Equal Pay Act created an express or implied statutory right to contribution. *Id.* The Court went on to explain that federal courts are not vested with "open-ended lawmaking powers." *Id.* at 95 (citing *United States v. Standard Oil Co.*, 332 U.S. 301, 313 (1947)). As such, it would be inappropriate to read a cause of action for indemnity into statutes where no explicit basis for such a claim exists. *Id.* Finally, the Supreme Court of Kentucky has also explained that "federal courts have held that th[e] state law remedies [of contribution and indemnification] cannot be applied to causes of action created by federal statute." *Deneger v. Hall Contracting Corp.*, 27 S.W.3d 775, 783 (Ky. 2000).

In view of these authorities, this Court concludes that there is no explicit or implied right to indemnity under § 1983. The Court, therefore, will grant summary judgment against the City Defendants on their claim for indemnification to the extent that it arises out of their potential § 1983 liability.

## C. Negligence Claims

The next issue before the Court is whether the City Defendants may maintain their indemnity action against Frazier based on Dempsey's negligence claims. Frazier first argues that actions for indemnification are less favorable since the adoption of the doctrine of comparative fault and apportionment. Frazier then asserts that the Court should "apply the principles of equity" and prevent the City Defendants from passing any liability for their potentially negligent acts on to Frazier. Frazier, however, fails to produce evidence which shows there is no genuine issue of material fact as to any one element of the City Defendants' indemnity claim.

In reviewing the City Defendants' claim for indemnification based upon their alleged negligence, the Court applies Kentucky law. First, the Kentucky Supreme Court has explicitly held that the "entitlement to indemnity" was "unaffected" by the adoption of apportionment and comparative fault. *Degener*, 27 S.W.3d at 780. The Court will not dismiss the City Defendants' claim for indemnity solely because apportionment is also available.

Under Kentucky law, indemnity is available in two types of cases:

> (1) Where the party claiming indemnity has not been guilty of any fault, except technically, or constructively, as where an innocent master was held to respond for the tort of his servant acting within the scope of his employment; or (2) where both parties have been in fault, but not in the same fault, towards the party injured, and the fault of the party from whom indemnity is claimed was the primary and efficient cause of the injury.

*Id.* (citing *Louisville Ry. Co. v. Louisville Taxicab & Transfer Co.*, 77 S.W.2d 36, 39 (Ky. 1934)).

This case should be viewed under the second prong of *Deneger*. Therefore, in order for summary judgment to be proper, the third-party defendant would have to point to specific parts

of the record which show that no genuine issue of material fact exists as to either: (a) whether Frazier bears some fault; or (b) whether Frazier's fault is actually the primary and efficient cause of the plaintiff's injury.

First, Frazier's motion did not reference any evidence which shows Frazier bears no fault. None of the affidavits or documents attached to Frazier's motion tend to show that Frazier is free from all fault in the injury of which the Plaintiff complains. Thus, there is a genuine issue of material fact as to whether Frazier bears some fault.

Second, a genuine issue of material fact exists regarding whether Frazier is actually the primary and efficient cause of Plaintiff's injuries. The injuries Plaintiff's negligence actions seek to redress are "pain and suffering and the loss of love and affection of her minor son." And she alleges Cole Frazier's Estate has "sustained loss of the ability to labor and earn money, loss of parental consortium, and pain and suffering." [Record No. 47, p. 8–9] In essence, the primary injury complained of is the death of Cole Frazier. The Court cannot find, as a matter of law, that there is no genuine issue of material fact as to whether Timothy Frazier was the primary and efficient cause of the death of Cole Frazier. Instead, Frazier argues that it would be inequitable to hold him entirely liable for independent acts of negligence committed by the City Defendants. However, that is precisely what *Deneger* allows. As the court stated, indemnity is permissible "where *both parties* have been in fault, *but not the same fault*." *Deneger*, 27 S.W.3d at 780 (emphasis added). Even if the City Defendants did commit independent acts of negligence, the a genuine issue of material fact has been presented regarding whether Frazier also bears some fault and whether his fault may be the primary and efficient cause of the plaintiff's injuries. As

a result, summary judgment on the claim for indemnification arising from Dempsey's alleged negligence will be denied.

### III.  CONCLUSION

Summary judgment is appropriate with respect to the City Defendant's third-party claims for indemnification of their potential liability under § 1983.  However, there are genuine issues of material fact regarding the City Defendant's indemnity claim arising from their potential liability for negligence.  Accordingly, it is hereby

**ORDERED** that Third-Party Defendant Ruby Frazier's Motion for Partial Summary Judgment is **GRANTED** with respect to the Third-Party Plaintiffs' indemnity claim arising from Dempsey's § 1983 actions — Counts I and II of the underlying complaint.  The motion is **DENIED** with respect to the Third-Party Plaintiffs' indemnity claim arising from Dempsey's negligence claims — Counts III, IV, and V of the underlying complaint.

This 17th day of September, 2010.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge