UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| CANDICE N. DEMPSEY, et al., | ) | |
|     Plaintiffs, | ) ) ) | |
| V. | ) ) | |
| CITY OF LAWRENCEBURG, et al., | ) ) | |
|     Defendants, | ) ) | Civil Action No. 3: 09-33-DCR |
| and | ) ) | |
| CITY OF LAWRENCEBURG, et al., | ) ) | |
|     Third-Party Plaintiffs, | ) ) | |
| V. | ) ) | |
| RUBY S. FRAZIER, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
|     Third-Party Defendant. | ) ) | |
| and | ) ) | |
| OWNERS INSURANCE COMPANY, | ) ) | |
|     Intervening Plaintiff, | ) ) | |
| V. | ) ) | |
| RUBY S. FRAZIER, et al., | ) ) | |
|     Intervening Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Third-Party Defendant Ruby Frazier has filed a motion *in limine* [Record No. 79] to exclude the testimony of Assistant Medical Examiner, Dr. Amy Burrows-Beckham, in which she classified – or will classify – the death of Timothy Frazier as a suicide and the death of Cole Frazier as a homicide. Having considered the respective position of the parties, the motion will be denied.

I.  **BACKGROUND**

As the Court has noted previously, this case involves claims asserted by Plaintiff Candice Dempsey ("Dempsey") against the City of Lawrenceburg and three of its police officers in their individual and official capacities (collectively, the "City Defendants"). Dempsey alleges that the City Defendants served her with an Emergency Protective Order ("EPO") and wrongfully removed her son, Cole Frazier, from her custody. Cole Frazier was taken from Dempsey's custody and turned over his father, Timothy Frazier. Dempsey alleges that shortly thereafter, Timothy Frazier shot and killed the child and then committed suicide.

The City Defendants filed a Third-Party Complaint against Ruby Frazier ("Frazier") as Administratrix of the Estate of Timothy Frazier. [Record No. 25] The City Defendants' First Amended Complaint [Record No. 56] asserts claims for apportionment and indemnity, alleging that Dempsey's injuries are the direct and proximate result of Timothy Frazier's actions and that any alleged wrongful conduct by the City Defendants is secondary to the negligent, intentional, wrongful and/or unlawful conduct of Timothy Frazier.

Frazier seeks to exclude portions of the testimony of Dr. Amy Burrows-Beckham, the Jefferson County Assistant Medical Examiner, who performed the post-mortem examination on

the bodies of Cole and Timothy Frazier. Specifically, Frazier seeks to exclude: (1) the notation on a one-page form completed by Dr. Burrows-Beckham which identified Cole Frazier's "manner of death" as a homicide and (2) the videotaped testimony of Dr. Burrows-Beckham regarding her opinions concerning the classifications of the deaths of Timothy and Cole Frazier.

## II.   ANALYSIS

Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). And while a party can request the court to make an *in limine* ruling on evidentiary matters, it is within the court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In this case, the Court believes that judicial economy will be served by an *in limine* ruling. However, a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court is not bound by an *in limine* ruling, and can change its determination during trial if sufficient facts have developed to warrant the change. *Id*; *see also Luce*, 469 U.S. at 41–42 (noting that "*even if nothing unexpected happens at trial*, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling"(emphasis added)).

Frazier argues that Dr. Burrows-Beckham's classification should be excluded for two reasons. First, she contends that a coroner's classification as to the type of death has been excluded by precedent in Kentucky. Second, she asserts that Dr. Burrows-Beckham has no

independent knowledge of how the deaths of Timothy and Cole Frazier occurred. Both parties agree that, for the purpose of this analysis, Dr. Burrows-Beckham is a qualified medical examiner. Thus, the only issue is whether Dr. Burrows-Beckham's testimony is a proper opinion for a qualified medical examiner to provide.

Frazier's reliance on a number of Kentucky state court cases evaluating the admissibility of coroners' reports is misplaced. Frazier relies principally upon *Kentucky Home Mutual Life Insurance Co. v. Watts*, 183 S.W.2d 499 (Ky. App. 1944), for the notion that a medical examiner's opinion expressed in a death certificate is not admissible as evidence of the actual cause of death. However, that case dealt with a Kentucky statute which gave presumptive weight to a certified death certificate, making it prima facie evidence of the facts stated therein. *Id.* at 501. That analysis does not bear on the issues at hand. Here, neither party is alleging that facts included in the death certificate are due presumptive weight. The issue in this case is simply whether a qualified medical examiner may provide her opinion regarding the cause of death.

The law is very clear that, in the course of forming their opinions, experts may rely on materials, including hearsay, which are otherwise inadmissible. Fed. R. Evid. 703; *Engebretsen v. Fairchild Aircraft Corp.*, 21 F.3d 721, 728 (6th Cir. 1994). Rule 703 specifically states that, "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or evidence to be admitted." Fed. R. Evid. 703. In view of Rule 703, Frazier's argument

that Dr. Burrows-Beckham has no independent knowledge of the facts is unpersuasive as to the admissibility of her opinions.

Frazier did not object that the evidence Dr. Burrows-Beckham relied upon was not the type that a medical examiner reasonably relies upon. She merely asserts that it was not independent to Dr. Burrows-Beckham. In other words, she claims it is hearsay. However, the Federal Rules of Evidence allow experts to rely upon hearsay in forming the basis of their opinions. *Kingsley Associates, Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990). "The admissibility of an expert's opinion under Fed. R. Evid. 703 does not depend upon the witness having personal knowledge concerning the details of every constituent element of the opinion." *Coal Resources, Inc. v. Gulf & Western Indus., Inc.*, 954 F.2d 1263, 1273 (6th Cir. 1992). Therefore, the Court will not exclude Dr. Burrows-Beckham's testimony on the ground that it was formed on the basis of information provided to her by others.

### III.  CONCLUSION

Frazier has not asserted a valid basis under the Federal Rules of Evidence to exclude the testimony of Dr. Burrows-Beckham. The parties concede that Dr. Burrows-Beckham is qualified for the purpose of this analysis. Further, her opinions are based upon the type of information reasonably relied upon by medical examiners. Frazier's objections to the basis of Dr. Burrows-Beckham's opinion may go to the weight of the evidence, and may be fully explored on cross-examination. Accordingly, it is hereby

**ORDERED** that Third-Party Defendant Ruby Frazier's Motion *in limine* [Record No. 79] is **DENIED.**

This 17th day of September, 2010.

