UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CANDICE N. DEMPSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | Civil Action No. 3: 09-33-DCR |
| AND ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | **MEMORANDUM OPINION AND** |
| ) | **ORDER** |
| Third-Party Defendant. ) | |
| ) | |
| AND ) | |
| ) | |
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | |
| ) | |
| Intervening Defendants. ) | |

*** *** *** ***

The facts of this case are fully outlined in the Memorandum Opinion and Order filed September 23, 2010. [Record No. 129] In that opinion, the Court granted summary judgment to the individual defendants ( Dispatcher Sparrow, Officer Doty, and Lieutenant Atkins) on the claims asserted against them because they were entitled to qualified and statutory immunity. However, the Court found a genuine issue of material fact existed regarding the plaintiff's claims against the City of Lawrenceburg ("the City"), both under § 1983 for failure to train and under state law for negligent supervision. The City now requests that the Court alter or amend that judgment by granting summary judgment on the remaining claims pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. [Record No. 132] For the reasons that follow, that motion will be denied.

**I.**

To grant relief under Rule 59(e), the moving party must show: (1) an intervening change in the law; (2) newly discovered evidence; (3) a clear error of law; or (4) the need to prevent manifest injustice. *Betts v. Costco Wholsale Corp.*, 558 F.3d 461, 476 (6th Cir. 2009). Under Rule 59(e), the parties cannot use the motion to raise new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *see also FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992) (explaining that a Rule 59(e) motion "may not be used to argue a new legal theory"). In short, a Rule 59(e) motion is not an opportunity to "re-argue a case." *Sault Ste. Marie*, 146 F.3d at 374.

Despite the commonly accepted standard for Rule 59(e), the City has attempted to use this motion to raise new legal arguments and insert new facts into the record. However, Rule 59(e) does not provide litigants the opportunity to produce, after judgment, those theories and pieces of evidence which should have been submitted with its original motion for summary judgment. The City makes no claim that the evidence that it now cites is newly-discovered. Accordingly, the Court will consider only the evidence properly submitted with the defendants' Rule 56 motion in analyzing whether that ruling contained a fundamental error of law.

**Section 1983 Claim for Inadequate Training**

The City responds to the Court's order finding that there was a genuine issue of material fact concerning whether its training was adequate by re-arguing that the City does have training and express policies and procedures relating to domestic violence and protective orders. *See Sault Ste. Marie*, 146 F.3d at 374 ("A motion under Rule 59(e) is not an opportunity to re-argue a case.") In its current motion, the City attached numerous policies relating to training, domestic violence procedures, and protective orders. However, the Court cannot consider on a Rule 59(e) motion, evidence that could have been, but was not, raised on the original motion. *See id.* Therefore, the only evidence properly considered is that which was attached to defendants' Rule 56 motion: the expert statements of Jack Ryan and the deposition testimony of the officers. When viewing the facts in the light most favorable to the plaintiff, the Court does not find Mr. Ryan's bare assertion that the City "has not been guilty of any wrongful conduct in the hiring, training, and/or supervision of any [of the officers]" [Record 82-1, p. 1–2] sufficient to show that there is no genuine issue of material fact as to the adequacy of the City's training. Even the

addition of defendant officers' own claims that they were adequately trained does not go so far as to prove that there is no genuine issue of material fact. Without the specific policies in the record at the time of the original motion, the Court finds that the City did not meet its burden of showing that there was no genuine issue of material fact as to the adequacy of the City's training program.

Likewise, the City's legal arguments do not alter the Court's conclusions regarding this issue. The defendant cites *City of Los Angeles v. Heller*, 475 U.S. 796 (1986), for the proposition that once individual officers have been absolved of liability, the municipality may not be held liable either. *See id.* at 799 (holding that, in a bifurcated trial, when the jury found that the officers had committed no constitutional violation, the municipality could not be held liable for allowing the conduct). Although there are circumstances in which that proposition is correct, *see, e.g., Wilson v. Meeks*, 98 F.3d 1247, 1255 (10th Cir. 1996), it is equally well-established that, following the Supreme Court's ruling in *Monell*, a municipality may be found liable under § 1983 even in the absence of individual liability on the part of the officers. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Barrett v. Orange Co. Human Rights Comm'n*, 194 F.3d 341, 350 (2d Cir. 1999); *Anderson v. City of Atlanta*, 778 F.2d 678, 686 (11th Cir. 1985) ("*Monell* . . . and its progeny do not require that a jury must first find an individual defendant liable before imposing liability on local government); *Garcia v. Salt Lake County*, 768 F.2d 303, 301 (10th Cir. 1985). This principle is most efficacious when the municipal liability is premised on failure to train and the individual officers are granted qualified immunity. *See Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n. 7 (9th Cir. 2002) ("[A]

municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity, because even if an officer is entitled to immunity a constitutional violation might still have occurred." (citing *Chew v. Gates*, 27 F.3d 1432, 1438–39 (9th Cir. 1994)). In its prior opinion, the Court held that the officers were entitled to qualified immunity because their conduct was objectively reasonable and, therefore, any rights they may have violated were not clearly established under the circumstances presented. [Record No. 129, p. 10–12] The Court did not hold that there was no violation of constitutional rights. Accordingly, the finding that the individual officers were entitled to qualified immunity does not preclude the City from being found liable for a failure to train.

Further, the City argues that summary judgment should be granted because the plaintiff has not identified an expert witness to testify regarding this issue. In support, they cite the court's holding in *Russo v. City of Cincinnati*, 953 F.2d 1036 (6th Cir. 1992), that "in the context of a failure to train claim, expert testimony may be the sole avenue available to plaintiffs to call into question the adequacy of a municipality's training procedures." *Id.* at 1048. In *Russo*, the court simply held it would not disregard the expert's testimony because such testimony may be the plaintiff's strongest avenue for proving such a claim. *Id.* The court did not establish that an inadequate training claim could *only* be based upon expert testimony. Further, the Sixth Circuit's conclusion in *Russo* supports this Court's denial of summary judgment: "[W]here the officers were trained in an area that nominally addressed the needs of the relevant class of persons, but where the content and adequacy of that training was in dispute, we find that the City

has not established that there exists no genuine issue of material fact as to the adequacy of the City's training." *Id.*

Finally, and as the Court concluded previously, there is a genuine issue of material fact regarding whether a constitutional violation was a "highly predictable consequence" of the City's alleged failure to train. [Record No. 129, p. 13] The service of EPOs is a recurring situation that presents potential for constitutional violations. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997). Accordingly, it cannot be said that there is no genuine issue of material fact regarding whether a constitutional violation was a highly predictable consequence of a failure to train. There being no newly discovered evidence, plain error of law, or manifest injustice, the Court will deny the City's motion to alter or amend its prior Memorandum Opinion and Order regarding the plaintiff's § 1983 claims.

### State Law Claim for Negligent Supervision

Citing, *inter alia*, *Waldon v. Housing Authority of Paducah*, 854 S.W.2d 777 (Ky. App. 1991), the City asserts that a negligent supervision claim cannot be maintained under Kentucky law in the absence of a "special duty." The assertion is true where the only claim for injury is a failure to protect. It does not extend to an instance where the municipality and its employees were the actual cause of the injury. The Court's explanation in *Waldon* is instructive:

> *Had the appellant articulated a claim of negligence involving the city or its employees or agents, summary dismissal would not be appropriate.* However, she does not allege that the city breached any duty to her other than a value allegation of failure to provide adequate police protection to the area. Such a claim, absent an allegation of a "special duty" owed the victim, cannot form the basis of a tort claim. *See Bolden v. City of Covington, Ky.*, 803 S.W.2d 577 (1995).

*Walden*, 854 S.W.2d at 780 (emphasis added). In this case, the injury alleged is not the City's failure to appropriately police an area or prevent injury. Instead, the injury claimed is the negligent supervision and training of the City's employees. When a case involves an employer's negligent supervision, Kentucky courts have made clear that "the established law in this Commonwealth recognizes that an employer can be held liable when its failure to exercise ordinary care in hiring or retaining an employee creates a foreseeable risk of harm to a third person." *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. Ct. App. 1998) (citing *Waldon*, 854 S.W.2d at 779; *Sheehan v. United Services Automobile Assoc.*, 913 S.W.2d 4 (Ky.App. 1996); *Estep v. B. F. Saul Real Estate Investment Trust*, 843 S.W.2d 911 (Ky. App. 1992)). Thus, the City's contention that a foreseeable harm cannot create a duty upon the municipality as an employer is incorrect.

The City's final contention is that it is entitled to summary judgment because the plaintiff has failed to produce an expert to establish the standard of care for training or supervision. This argument fails for two reasons. First, it was not asserted in defendants' Rule 56 motion. Therefore, the argument constitutes an attempt to assert a new legal theory. Second, and more importantly, it is incorrect. The City argues that "[a]n expert witness is required to establish the standard of care in a professional negligence case in Kentucky, unless the standard is within the general or common knowledge of laypersons." *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009). The defendant's explanation of the law as to professional liability cases is accurate, but it fails to produce any authority which holds that negligent supervision operates on the same principles as professional liability. The Court does

not find that the supervision of employees is the functional equivalent of a lawyer practicing law, *see Daugherty v. Runner*, 581 S.W.2d 12, 16 (Ky. 1979), a doctor administering medication, *Hyman & Armstrong, P.S.C. v. Gunderson*, 279 S.W.3d 93 (Ky. 2008), or a contractor building a stairwell, *Boland-Maloney*, 302 S.W.3d. In understanding the duty in cases involving "special skill and expertise," *Boland-Maloney*, 302 S.W.3d at 686, expert testimony is certainly necessary. However, the City has failed to establish that negligent supervision — simply failing to properly train employees — falls within the category of professional liability cases where the standard of care is so unique and specialized that it requires expert testimony. Therefore, the Court will deny the defendant's motion regarding plaintiff's negligence claims.

## II.

The City has failed to meet its burden of showing newly discovered evidence, a clear error of law or manifest injustice. Accordingly, it is hereby

**ORDERED** that the defendant's motion to alter or amend [Record No. 132] the Memorandum Opinion and Order entered September 23, 2010 [Record No. 129] is **DENIED**. Likewise, the defendant's motion to expedite briefing on its motion to alter or amend [Record No. 133] is **DENIED**.

This 29th day of September, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge