UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CANDICE N. DEMPSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | Civil Action No. 3: 09-33-DCR |
| and ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Third-Party Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | |
| ) | |
| Intervening Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The present matter pending for consideration of Intervening Plaintiff Owners Insurance Company's ("Owners") motion to reconsider the Court's September 14, 2010 Memorandum Opinion and Order denying its motion for judgment on the pleadings. [Record No. 124] For the reasons that follow, the motion will be denied.

**I.**

Owners argues that the Court erred in denying its original motion for judgment on the pleadings. It cites *Westfield Insurance Co. v. Tech-Dry, Inc.*, 336 F.3d 503 (6th Cir. 2003), for the proposition that an insurer's duty to defend its insured is determined by comparing the underlying complaint to the insurance policy. On a motion for summary judgment, the Court would have been able to consider all the surrounding facts and determine the existence of a genuine issue of material fact concerning whether the conduct giving rise to this action was intentional and, therefore, excluded from the policy's coverage. Owners contends that the standard is identical on a summary judgment motion and a motion for judgment on the pleadings. [Record No. 124, p. 2] While the legal standard may be the same — although Owners does not submit any authority for that premise — the standard by which the Court views the facts is unquestionably different. *See Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (explaining that, on a Rule 12 motion, the Court must take all the "well pleaded material allegations of the pleadings of the opposing party" as true). On a motion for judgment on the pleadings, a court may look only to the pleadings themselves and any exhibits incorporated by reference into the complaint. *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

According to the *Westfield* standard, the Court looks to the allegations of the underlying complaint to decide whether those allegations are within the scope of the insurance policy. *Westfield*, 336 F.3d at 507. Here, Owners' insurance policy excludes intentional acts from coverage. However, the underlying complaint asserts claims which include both negligent and intentional conduct. [Record No. 56] The complaint alleges causes of action against Timothy Frazier for indemnity and apportionment. The third-party plaintiffs assert that "Plaintiff's injuries or damages claimed herein, both individually and as Administratrix of the Estate of Cole L. Frazier, are the direct and proximate result of the *negligent*, intentional, wrongful and/or unlawful conduct of Timothy L. Frazier." [Record No. 56, p. 4 (emphasis added)]. Further, the third-party plaintiffs allege that any negligent or wrongful conduct they may have committed "is secondary to the *negligent*, intentional, wrongful and/or unlawful conduct of Timothy Frazier." [*Id.* (emphasis added)]

As is clear from a plain reading of the underlying complaint, Frazier could be held liable for his acts whether they were negligent or intentional. The Sixth Circuit has held that the ultimate question in a coverage decision is whether "there are any theories of recovery that fall within the policy." *Cincinnati Ins. Co. v. Zen Design Group, Ltd.*, 329 F.3d 546, 552 (6th Cir. 2003). In this case, the third-party plaintiffs have set out a theory — negligence — which would be within the policy. Further, because courts are instructed to look at the factual allegations of the underlying complaint, the Court turns to the factual allegations supporting the claims: "That on or about 5/26/2009, Timothy L. Frazier murdered *or otherwise caused the death* of Cole L. Frazier before committing suicide or otherwise taking his life." [Record No. 56, ¶ 14 (emphasis added] The factual allegations leave open the theory that Timothy Frazier caused the death of

Cole Frazier by some unintentional or negligent means. Therefore, on a motion for judgment on the pleadings, the Court cannot foreclose that possibility. There is a theory of recovery that falls within the policy. Therefore, the Court cannot hold *on the pleadings* that Frazier's conduct is excluded from the policy.

In an attempt to avoid the result of this analysis, Owners asks the Court to *infer* that the act was intentional, even when the drafter of the underlying complaint has chosen not to exclude a negligence theory. For this proposition, Owners cites *Continental Insurance Co. v. Adams*, 438 F.3d 538 (6th Cir. 2005). However, a recitation of the court's opinion in *Continental* may make the error in Owners' argument more clear: "Normally, intent is a question for the jury. However, this is not a per se rule. A court may infer intent *on summary judgment . . . .*" *Cont'l Ins. Co. v. Adams*, 438 F.3d 538, 540 (6th Cir. 2006) (internal citations omitted) (emphasis added). As the Court in *Continental* made clear, inferring intent requires an examination of facts on the record to determine whether there is a genuine issue of material fact as to intent, thus removing it from the province of the jury. The Court cannot conduct such an inquiry on a motion pursuant to Rule 12(c). Rather, the Court is constrained to the pleadings which allege alternative theories of negligent and intentional wrongdoing. *Weiner*, 108 F.3d at 88.

Finally, Owners attempts to argue that Frazier's admission that the underlying action was for intentional murder proves that the action is not within the scope of the insurance policy. Under Rule 12, the Court must accept all well-pleaded allegations of the nonmoving party as true, but it need not accept legal conclusions. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007). The construction of an underlying complaint is a legal conclusion that the Court need not accept, especially when it is incorrect. The underlying complaint was

for intentional and negligent conduct. A plain reading of the Third-Party Complaint against Timothy Frazier shows that there is a theory of recovery which could bring the alleged actions within the scope of Owners' policy.

## II.

In summary, Owners has failed to demonstrate an error of law sufficient to justify reconsideration. The Court has compared the Third-Party Complaint to the insurance policy and found that there is a theory of recovery which would be covered by Owners. Therefore, while Owners might have obtained the relief being sought if it had filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, judgment on the pleadings remains improper. Accordingly, it is hereby

**ORDERED** that the intervening plaintiff's motion to reconsider [Record No. 124] the Memorandum Opinion and Order entered September 14, 2010 [Record No. 123] is **DENIED**.

This 30th day of September, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge