UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| CANDICE N. DEMPSEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | Civil Action No. 3: 09-33-DCR |
| and ) | |
| ) | |
| CITY OF LAWRENCEBURG, et al., ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Third-Party Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| OWNERS INSURANCE COMPANY, ) | |
| ) | |
| Intervening Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| RUBY S. FRAZIER, et al., ) | |
| ) | |
| Intervening Defendants. ) | |

*** *** *** ***

-1-

For the reasons that follow, Defendant City of Lawrenceburg's (hereafter, "City") motion *in limine* [Record No. 81] will be granted in part and denied in part.

**I.**

The City brought the present motions *in limine* asking the Court to exclude fifteen categories of arguments, evidence and testimony from the upcoming trial. Items one through four and fifteen simply request the Court to apply well-settled rules of evidence.[1] The remaining categories seek to exclude arguments, testimony and evidence which the City asserts is irrelevant.

As the Court has noted previously, while the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to a district court's inherent authority to manage the course of trials. *Luce v. United States*, 469 U.S. 38, 41 (1984). And while a party can ask the court to make an *in limine* ruling on evidentiary matters, it is within the court's discretion to do so. In short, there is no right to an *in limine* ruling. *Huddleston v. United States*, 485 U.S. 681, 688–89 (1988). In this case, the Court believes that judicial economy will be served by *in limine* rulings.[2]

---

[1]The plaintiff does not oppose the *in limine* motion as it relates to these categories.

[2]Again, the Court feels compelled to advise the parties that a ruling on a motion *in limine* is nothing more than a preliminary opinion which allows the parties to better formulate their trial strategy. *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994). The Court is not bound by an *in limine* ruling and can change its determination during trial where sufficient facts have developed to warrant the change. *Id*; *see also Luce*, 469 U.S. at 41–42 (noting that "*even if nothing unexpected happens at trial*, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" (emphasis added)).

The majority of the City's motion is based on the contention that a particular subject of testimony is irrelevant. Rule 402 of the Federal Rules of Evidence sets forth the general rule that relevant evidence is admissible, subject to certain exceptions, and irrelevant evidence is not admissible. Fed. R. Evid. 402. "Relevant evidence" is defined in Rule 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. In other words, relevance can be determined by asking whether "the item of evidence tend[s] to prove the matter sought to be proved." Fed. R. Evid. 401 Advisory Committee's note. Both the Supreme Court and the Sixth Circuit have noted that the standard set forth in Rule 401 is a liberal one. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 587 (1993); *Hildebrand v. Bd. of Trs. of Mich. State Univ.*, 607 F.2d 705, 713 n.15 (6th Cir. 1979)). The Court will look to this liberal standard when determining whether any of the material the City challenges should be excluded as irrelevant.

To determine what evidence is relevant, it is important to first understand what the plaintiff must prove in this case. The Court has granted summary judgment to the individual officer defendants — Dispatcher Sparrow, Officer Doty, and Lieutenant Atkins — on the causes against them under § 1983 and state law. [Record No. 129] The Court also granted summary judgment on the plaintiff's punitive damages claim against the City. [*Id.*] The plaintiff has two remaining claims against the City: (1) a § 1983 claim for failure to train; and (2) a state law claim for negligent supervision.

To establish a prima facie case under § 1983, a plaintiff must prove that the defendant was acting under color of state law, and that the offending conduct deprived the plaintiff of rights secured by federal law. *Parrat v. Taylor*, 451 U.S. 527, 535 (1981); *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998). The plaintiff has alleged that the offending conduct in this case was a failure to train. To succeed on failure to train theory, the plaintiff must prove three additional elements: (1) that the training program is inadequate to the tasks that the officers must perform; (2) that the inadequacy is the result of deliberate indifference; and (3) that the inadequacy is closely related to or actually caused the plaintiff's injury. *Plinton v. County of Summit*, 540 F.3d 459, 464 (6th Cir. 2008) (citing *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989)). To be relevant to the plaintiff's § 1983 claim, the evidence must aid in proving one of these elements. *See* Fed. R. Evid. 401 Advisory Committee's note.

The plaintiff's state law claim is based on a theory of negligent employer supervision. The underlying theory of this claim is that an employer can be held liable when its failure to exercise ordinary care in retaining an employee creates a foreseeable risk of harm to a third person. *Oakley v. Flor-Shin, Inc.*, 964 S.W.2d 438, 442 (Ky. 1998). Accordingly, to prevail on a negligent employment claim, a plaintiff must prove: (1) that the employer knew or reasonably should have known that the employee was unfit for the job in which he was employed; and (2) that the lack of fitness created an unreasonable risk of harm to the plaintiff. *Ten Broeck Dupont, Inc. v. Brooks*, 282 S.W.3d 705, 733 (Ky. 2009). Therefore, to be relevant to the plaintiff's state law claim, evidence must tend to prove one of these elements. *See* Fed. R. Evid. 401 Advisory Committee's note.

### 1. Motion to Exclude "Golden Rule" Argument

Defendant's first motion requests that the Court exclude the "universally condemned" "Golden Rule" argument. *See Johnson v. Howard*, 24 F. App'x 480, 487 (6th Cir. 2001) ("Those circuits that have considered use of 'Golden Rule' arguments have universally condemned them as improper because they invite decision based on bias and prejudice rather than consideration of the facts." (internal quotations omitted)). The Court will apply this well-settled rule and exclude any "Golden Rule" arguments.

### 2. Motion to Exclude Argument or Testimony Concerning Insurance

The City also moves *in limine* to "exclude any argument, evidence or testimony that *in any way* references, concerns, mentions, or pertains to any insurance that may provide coverage to any of the city defendants." [Record No. 81, p. 2 (emphasis added)] The Court will apply Rule 411 of the Federal Rules of Evidence. However, the defendant's request greatly exaggerates the scope of that rule. Rule 411 only excludes arguments or testimony concerning insurance *for the purpose of proving liability*. There are other purposes for which testimony and argument concerning insurance is permissible. In following Rule 411, the Court will exclude any testimony or argument concerning insurance that is offered *to prove liability*, but it will not expand the scope of that rule to exclude *any* argument, testimony, or evidence concerning insurance.

### 3. Motion to Exclude Argument or Testimony Concerning Settlement Negotiations

The City again requests the Court to apply a well-settled rule of evidence. *See* Fed. R. Evid. 408. To the extent that the City moves the Court to comply with Federal Rule 408, the motion will be granted.

**4.     Motion to Limit Expert Testimony**

The City has also requested that the Court apply the Federal Rules of Civil Procedure and its own Scheduling Order, moving to exclude expert testimony from experts not disclosed by the date required in this the Scheduling Order [Record No. 12]. Rule 37 states that a party who fails to disclose a witness in compliance with Rule 26(a) may not use that witness at trial unless the failure was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Unless the opposing party can show either exception contained in Rule 37(c)(1), that party may not call an expert witness that was not disclosed pursuant to the Rules of Civil Procedure and this Court's Scheduling Order.

The Court will grant the City's motion with respect to this category.

**5.     Motion to Exclude Arguments, Testimony and Evicence Concerning Timothy Frazier's Criminal History or Past Conduct**

The City's fifth category requests that the Court exclude all arguments, testimony and evidence concerning the prior criminal history of Timothy Frazier. However, Timothy Frazier's criminal history and past conduct may be relevant to the issue of causation. Plaintiff has asserted that an aspect of the City's failure to train was not establishing policies concerning the investigation of custody orders. If that argument is supported, the information that an investigation would have uncovered in this case is relevant as to whether the lack of a policy was an actual cause of the plaintiff's injury. Because there is an element of the claim which this

evidence tends to prove, it is relevant and admissible. *See* Fed. R. Evid. 401, 402. Accordingly, the fifth category of arguments, testimony and evidence the City seeks to exclude will be denied.

6. **Motion to Exclude Argument or Testimony Concerning Judge Seay's Intentions in Issuing the EPO**

The City argues that the subjective intention of Judge Seay — the Judge who issued the Emergency Protective Order (EPO) in this case — is irrelevant. The Court agrees. Judge Seay's intentions in drafting the EPO do not make any fact concerning the City's training program or negligent employment more or less likely. Accordingly, arguments, testimony and evidence concerning this issue will be excluded under Rule 402.

7. **Motion to Exclude Judge Seay's Testimony as to the Legal Effect of the EPO**

The City argues that any testimony regarding the legal effect of the EPO is an opinion It contends that it would be improper for Judge Seay, who was not disclosed as an expert witness in accordance with the Court's Scheduling Order, to offer such testimony. The plaintiff responds that Judge Seay should be allowed to offer the testimony as a lay witness pursuant to Rule 701.

Rule 701 permits lay witnesses to offer opinions in specific circumstances. For a witness who has not been qualified as an expert to offer opinion testimony, such testimony must be: "(a) rationally based on the perception of the witness; (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. In this case, the plaintiff's argument that an analysis of the legal effect of an EPO is not based on "specialized knowledge" is unpersuasive.

Testimony as to the legal effect of a court-issued EPO is an opinion. Further it is the type of opinion that, in a judge's case, is formed on the basis of legal training and/or experience. Such an opinion is improper for a lay witness under Rule 701. Further, such evidence is irrelevant under Rule 401. It does not make any fact regarding the adequacy of the City's training program more or less likely. Nor does it address alleged negligence in the City's employment or supervision of its officers. Therefore, the City's motion to exclude Judge Seay's conclusions as to the legal effect of the EPO will be granted.

**8. Motion to Exclude Notations in the "Court Action" Box Contained on the Petition for a Domestic Violence Order**

In issuing the EPO, Judge Seay made specific notations in the "Court Action" box of the Petition. In that box, Judge Seay wrote, "[I]f petitioner believes the child is in danger when with respondent, he is referred to appropriate location of Cabinet for Health & Family Services or to law enforcement." [Record No. 81, p. 5] The Court finds that testimony concerning the "Court Action" box is relevant.

To prevail on her claim for failure to train, the plaintiff must show that the City's training program was the result of deliberate indifference. *Plinton*, 540 F.3d at 464 (citing *Hill*, 884 F.2d at 275). One way to show deliberate indifference is by establishing that the City failed to train its employees to handle a recurring situation that presents an obvious potential for a constitutional violation. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 409 (1997). In light of this requirement, the Court Action box is relevant insofar as the plaintiff can show that EPOs regularly contained instructions in this box, and that the officers were not sufficiently trained to interpret or effectuate those instructions.

### 9. Motion to Exclude Evidence of Testimony Concerning the Phone Call or Welfare Check of 05/13/2009

The City seeks to exclude evidence that Timothy Frazier called the police station and requested a welfare check on Cole Frazier the day before he presented the EPO for service. The City seeks to exclude this evidence because, in that call, Timothy Frazier informed the dispatcher that the EPO did not transfer custody. This evidence does have potential to be relevant to the extent that this call was on the record and that the dispatcher may or may not have been adequately trained to handle it. If the plaintiff can prove that the dispatcher was inadequately trained in investigating intakes, and that his ignorance of the substance of this call actually caused Plaintiff's injury, the call will be relevant. Accordingly, the City's motion to exclude this category of testimony and evidence will be denied.

### 10. Motion to Exclude Argument or Testimony Concerning What the Officers Would Have Done in Hindsight

The City has moved to exclude any testimony concerning what the officers would have done differently in hindsight. The Court agrees that such hypothetical questions are speculative and irrelevant. The plaintiff can certainly argue that had the officers been trained differently, they *would have* acted differently. However, there is no probative value in the officers' own testimony regarding what choices they would have made in hindsight. Accordingly, such evidence and testimony will be excluded pursuant to Rule 402. The motion will be denied to the extent that it seeks to exclude arguments regarding this issue.

### 11. Motion to Exclude Argument, Testimony and Evidence That Officer Doty Failed to Read the EPO

The City moves the Court to prevent Plaintiff from arguing that Officer Doty never read the EPO in question. The City's principal assertion is that such an argument would be incorrect, because Officer Doty did read the EPO. That is an issue of weight, not admissibility. The second question is whether such testimony is relevant to the adequacy of the City's training program. The Court finds that this testimony could be relevant to the issue of causation. The plaintiff must prove that a failure in the City's training program was closely related to or actually caused her injury. To the extent she can demonstrate that Doty's actions were consistent with policy and that his failure to read the EPO was an actual cause of her injury, such evidence would be relevant. Accordingly, the City's motion to exclude arguments, testimony and evidence concerning Officer Doty's failure to read the EPO will be denied.

**12.     Motion to Exclude Evidence that Lieutenant Atkins Failed to Read the EPO**

As discussed above, evidence that an officer did not read the EPO is admissible to the extent that such failure may have been consistent with the officer's training and that such training was an actual cause or closely related to Plaintiff's injury. Accordingly, the City's twelfth category relating to arguments, testimony and evidence will be denied.

**13.     Motion to Exclude any Mischaracterization of Officer Doty's Phone Call with the Nelson Circuit Court Clerk's Office**

The City moves to prevent Plaintiff from mischaracterizing the statements made in a phone call from Officer Doty to the Nelson County Clerk's Office. To the extent the phone call itself is admissible, it will be a fact within the consideration of the jury. The Court will not prevent attorneys from making reasonable inferences and arguments based on the admissible facts. Therefore, the City's thirteenth category relating to arguments on this issue will be denied.

### 14. Motion to Exclude Testimony or Evidence that the Manner of Delivery of the EPO Was Improper

The City seeks to exclude any evidence or testimony that the delivery of the EPO was improper. This is the crux of the case: whether the officers were properly trained in handling, interpreting, and delivering EPOs. Certainly, if the officers were not trained to do so properly and did not do so properly in this case, the plaintiff could argue that the failure was a cause of her injury. Thus, evidence concerning whether the EPO was properly delivered is relevant. The City's fourteenth category of arguments, testimony and evidence, therefore, will be denied.

### 15. Motion to Limit Recoverable Damages

The City's final motion asks the Court to enforce its Scheduling Order. [Record No. 12] Plaintiff has stipulated that she has no intention of supplementing the damages provided in her Initial Disclosure. [Record No. 8] Accordingly, the City's fifteenth category of arguments, testimony and evidence will be granted.

### II.

In light of the fact that only two claims remain against the City of Lawrenceburg, it has shown that certain categories of evidence are not relevant to any element of the remaining claims. However, much of the evidence discussed remains relevant. Accordingly, it is hereby

**ORDERED** that Defendant City of Lawrenceburg's Motion *in Limine* [Record No. 81] will be **GRANTED** as to categories 1, 3, 4, 6, 7 and 15; **GRANTED** as to category 2 insofar as it does not expand the scope of Rule 411; **GRANTED** at to category 10 as it pertains to testimony and evidence, but **DENIED** as it pertains to arguments; and **DENIED** as to categories 5, 8, 9, 11, 12, 13, and 14.

This 30th day of September, 2010.


Signed By:
Danny C. Reeves  DCR
United States District Judge